USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JUAN FELIZ,

                       Plaintiff,

-v-

CITY OF NEW YORK, NYC HEALTH +
HOSPITALS/BELLEVUE, JESSICA TAFF,
M.D., TREVOR NAPIER, M.D.,

                       Defendants.

18 Civ. 5023 (PAE)

OPINION & ORDER

------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Juan Feliz, proceeding *pro se*, brings this action against Doctors Jessica Taff and Trevor Napier (collectively, the "Individual Defendants"), the City of New York, and the New York City Health + Hospitals Corporation ("HHC," and, collectively with the City of New York, the "Municipal Defendants"). Feliz asserts claims under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs; under 42 U.S.C. § 1985 for conspiracy to violate his civil rights; under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and under state law. Feliz alleges that he was denied adequate medical treatment for thyroid and lung cancer and transferred into the custody of the New York State Department of Corrections and Community Service ("DOCCS") without having received proper medical treatment.

      On January 17, 2019, defendants moved to dismiss, Dkt. 30, Feliz's Complaint, Dkt. 2 ("Compl."). On August 5, 2019, the Hon. Sarah Netburn, Magistrate Judge, issued a Report and Recommendation, recommending that the Court (i) dismiss Feliz's federal claims, (ii) decline to exercise supplemental jurisdiction over the state law claims, and (iii) deny *in forma pauperis* status for purpose of an appeal in accordance with 28 U.S.C. § 1915(a)(3), because any appeal

1

would not be taken in good faith. Dkt. 51 (the "Report"). For the following reasons the Court adopts the Report in full.

**I.     Background**

The Court adopts and incorporates by reference the Report's detailed account of the facts and procedural history. Report at 2–5.

On August 5, 2019, Judge Netburn issued the Report. On the same day, Judge Netburn's chambers mailed a copy of the Report to Feliz. On August 20, 2019, the Court received a letter from Feliz, post-marked August 15, 2019, requesting an extension of the August 19, 2019 deadline for filing objections. Contrary to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which require all communications by a *pro se* party be delivered to the *Pro Se* Office and which state clearly that "[n]o documents or court filings may be sent directly to Chambers," the letter requesting an extension was sent directly to Chambers. The Court nevertheless granted an extension until August 30, 2019 for Feliz to file his objections. Dkt. 52. Feliz has yet to file any objections.

**II.    Legal Standards**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King*

2

*v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### III. Discussion

Because neither party has timely submitted objections to the Report, review for clear error is appropriate.[1] Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in its conclusions. The Court, therefore, adopts the Report in its entirety.

In addition, the Report expressly states that "failure to file timely objections will result in a waiver of those objections for purposes of an appeal." Report at 21. Accordingly, each party's failure to object to the Report in a timely manner operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

---

[1] For the avoidance of doubt, the Court would adopt the conclusions of the Report under either a clear error or a *de novo* standard of review. First, on the deliberate indifference claim, Feliz has not alleged plausible facts that would even suggest that either of the Individual Defendants had the mental state required for liability, *see* Report at 10–14, and he has not alleged any "action pursuant to official municipal policy," *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978), against either of the Municipal Defendants, *see* Report at 14–16. Second, on the conspiracy to violate civil rights claim, Feliz has not alleged any facts suggesting the existence of a conspiracy or the presence of discriminatory animus, each of which is a required element. *See* Report at 17; *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). Third, on the ADA claim, Feliz's lack of allegations suggesting that he was treated differently because of a disability dooms his claim. *See* Report at 17–18; *Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) ("Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability."). Fourth, on the state law claims, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see* 28 U.S.C. § 1367(c)(3); Report at 19–20. Here, the Court declines to exercise such jurisdiction.

3

The Court's adoption of the Report and dismissal of Feliz's complaint does not prevent Feliz from pursuing his allegation that DOCCS, which is not a defendant in this case, "refused to provide [him] any medical treatment for [his] cancer for approximately 2 years." Compl. ¶ 2; *see* Report at 18–19 (explaining why leave to amend would be inappropriate but setting forth options left open to Feliz in the event of a dismissal with prejudice). This serious allegation derives from events while Felix was incarcerated in Greene and Clinton counties, both of which are located within the Northern District of New York. 28 U.S.C. § 112(a) (Greene and Clinton counties are within the Northern District of New York). Indeed, Feliz *already* raised such claims in the proper venue and can refile such an action. *See Feliz v. Johnson*, No. 17 Civ. 1294 (DNH) (ATB) (N.D.N.Y. Aug. 1, 2019) (dismissing Feliz's complaint without prejudice to refiling due to his failure to exhaust his administrative remedies).[2] However, the Court adopts the Report's conclusion that Feliz will not be able to cure the deficiencies of his pleading against any of the defendants in this case, which involves a separate three-month period in 2016 when Feliz was in the custody of the New York City Department of Correction. The Court therefore does not grant leave to amend.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full. Feliz's federal claims are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over Feliz's state law claims. The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis*

---

[2] The Court takes judicial notice of filings made in *Feliz* "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court respectfully directs the Clerk of Court to terminate the motion pending at Docket 30 and to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 13, 2019
       New York, New York